IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>      v.<br><br>FERMIN BARRAGAN,<br><br>                           Defendant. | CASE NO.  1:05-CR-00048 AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. §  3582(c)(2) |

   The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government opposes the motion.  The Court will deny the defendant's motion.

   Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

///

1

The drug quantity finding in this case was that the defendant was responsible for 3.8 kilograms of actual methamphetamine. That drug quantity yielded a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (2006). The sentencing court applied a three-level reduction based on the defendant's acceptance of responsibility, U.S.S.G. § 3E1.1(a) and (b), for a total offense level of 35. The defendant's criminal history category was V. The resulting guideline range was 262 to 327 months. On June 25, 2007, the defendant was sentenced to a term of 180 months in prison.  This term reflected a downward variance from the defendant's 262-month recommended sentence.  The sentencing range applicable to the defendant was subsequently lowered by the United States Sentencing Commission in Amendment 782, made retroactive on July 18, 2014, see 79 Fed. Reg. 44,973, with an effective date of any such reduction as of November 1, 2015.  The defendant's total offense level has been lowered from 35 to 33, and this amended guideline range is 210 - 262 months. *See* U.S.S.G. 2D1.1(c)(2).  However, as the defendant's original term of imprisonment was less than the minimum of the amended guideline range, this Court is without jurisdiction to reduce it further.  U.S.S.G. § 1B1.10(b)(2).

IT IS HEREBY ORDERED that the defendant's motion for a reduction in sentence is denied.

IT IS SO ORDERED.

Dated:   November 13, 2015                           _____
                                                      SENIOR DISTRICT JUDGE